UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JEFFREY AKER, | ) Case No. EDCV 11-1374 JC |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## I. SUMMARY

On September 9, 2011, plaintiff James Jeffrey Aker ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; September 12, 2011 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On February 29, 2008, plaintiff filed an application for Supplemental Security Income ("SSI") benefits. (Administrative Record ("AR") 13, 62). Plaintiff asserted that he became disabled on April 9, 1997, due to paranoia, schizophrenia, bi polar disorder, manic depression, and insomnia. (AR 75). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel), a medical expert, and a vocational expert on May 19, 2010. (AR 778-97).

On September 3, 2010, the ALJ determined that plaintiff was disabled through the date of the decision, but was not eligible to receive benefits because plaintiff's substance use disorder was a contributing factor material to any disability caused by plaintiff's severe impairments. (AR 13, 20). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: schizoaffective disorder and polysubstance abuse (AR 15); (2) plaintiff would continue to suffer from a severe impairment or combination of impairments if he discontinued substance use (AR 16); (3) plaintiff's impairments, including the substance abuse disorder, met the listed impairments in sections 12.03, 12.04 and 12.09 of 20 C.F.R. Part 404, Subpart P, Appendix 1 (AR 15-16); (4) if plaintiff discontinued substance use, he would not suffer from an impairment or

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

combination of impairments that would meet or medically equal any of the listed impairments (AR 16-17); (5) if plaintiff discontinued substance use, he would have the residual functional capacity to perform a full range of work at all exertional levels with certain nonexertional limitations[2] (AR 17); (6) plaintiff had no past relevant work (AR 19); (7) if plaintiff discontinued substance use, there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically industrial cleaner, landscape worker, and vehicle cleaner (AR 19-20); and (8) plaintiff's allegations regarding his limitations apart from those related to substance use were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 16, 18).

The Appeals Council denied plaintiff's application for review. (AR 4).

### III. APPLICABLE LEGAL STANDARDS

#### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

///

---

[2] Specifically, the ALJ determined that plaintiff (i) could not work at unprotected heights or with dangerous machinery; (ii) could perform only nonpublic (*i.e.*, no intense communication with the public), object-oriented work; and (iii) could not perform fast-paced work (*e.g.*, conveyor belt work or piece work). (AR 17).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

    (1)    Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

    (2)    Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

    (3)    Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

    (4)    Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

    (5)    Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.    Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal

error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

### A. The ALJ Did Not Materially Err in Developing the Record

Plaintiff argues that a reversal or remand is warranted essentially because the ALJ failed to obtain records from the Social Security Administration which reflect that plaintiff received SSI benefits from approximately 1999 until plaintiff was incarcerated in January 2007. (Plaintiff's Motion at 3-13). The Court disagrees.

#### 1. Applicable Law

Although plaintiff bears the burden of proving disability, an ALJ has an affirmative duty to assist the claimant in developing the record at every step of the sequential evaluation process. Bustamante, 262 F.3d at 954; see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (ALJ has special duty fully and fairly to develop record and to assure that claimant's interests are considered). "The ALJ's duty to develop the record fully is [] heightened where the claimant may be

mentally ill and thus unable to protect [his] own interests." Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (citation omitted). The ALJ's duty is triggered "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) (citation omitted). An ALJ may discharge his duty to develop the record in several ways, including: subpoenaing the plaintiff's physician, submitting questions to the physician, continuing the hearing, or keeping the record open after the hearing to allow for supplementation of the record. Tonapetyan, 242 F.3d at 1150 (citations omitted) .

      The ALJ is not obliged to undertake the independent exploration of every conceivable condition or impairment a claimant might assert. Therefore, an ALJ does not fail in his duty to develop the record by not seeking evidence or ordering further examination or consultation regarding a physical or mental impairment if no medical evidence indicates that such an impairment exists. See Breen v. Callahan, 1998 WL 272998, *3 (N.D. Cal. May 22, 1998) (noting that, in the Ninth Circuit, the ALJ's obligation to develop the record is triggered by "the presence of some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision") (citing Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); Wainwright v. Secretary of Health and Human Services, 939 F.2d 680, 682 (9th Cir. 1991)); see also Pearson v. Bowen, 866 F.2d 809, 812 (5th Cir. 1989) (requiring that claimant must "raise a suspicion concerning such an impairment" before ALJ is required to discharge duty of full inquiry by ordering a consultative examination).

      **2.**    **Analysis**

      Plaintiff fails to demonstrate that the ALJ materially erred relative to the development of the record.

      First, the ALJ's duty to develop the record further was not triggered. Plaintiff points to no specific medical evidence in plaintiff's prior SSI claim file

which reflected any impairment that is relevant to plaintiff's instant SSI claim.  In fact, at the hearing, plaintiff's attorney essentially stated that he had "no idea" what impairment formed the basis for plaintiff's prior award of benefits.  (AR 780-81).  Plaintiff's speculation that such prior records might reflect some continuing impairment, and conclusory assertion that "[plaintiff] is to this day still disabled for the same [unidentified] reasons" was insufficient to trigger the ALJ's duty to develop the record in this case.  See Breen, 1998 WL 272998 at *3.  Moreover, the ALJ did not find, nor does the record reflect, that the evidence of plaintiff's impairments is ambiguous, or that the record as a whole was inadequate to allow for proper evaluation of the evidence.  To the contrary, the record contains reports from Dr. Reynaldo Abejuela, a consultative examining psychiatrist, and Dr. Kelly J. Loomis, a state agency reviewing physician, on which the ALJ properly relied to assess plaintiff's residual functional capacity and determine disability apart from plaintiff's substance use.  (AR 18) (citing Exhibit B6F [AR 454-64]; Exhibit B7F [AR 465-72]); see, e.g., Tonapetyan, 242 F.3d at 1149 (consultative examiner's opinion on its own constituted substantial evidence supporting ALJ's disability determination, because it rested on independent examination of claimant); Andrews, 53 F.3d at 1041 ("reports of the nonexamining advisor need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it").

   Second, even assuming that the ALJ erroneously failed to obtain and add documentation from plaintiff's prior SSI claim to the current record of exhibits, any such error was harmless as the ALJ was permitted to disregard such evidence without explanation.  An ALJ must provide an explanation only when he rejects "significant probative evidence."  See Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted).  Here, as essentially noted above, plaintiff does not demonstrate that any records from his prior SSI claim constituted significant or
///

probative evidence of plaintiff's limitations and/or medical condition in the instant case.

In light of the foregoing, a remand or reversal on this basis is not warranted.

## B.  The ALJ Properly Evaluated the Medical Evidence

Plaintiff contends that a reversal or remand is warranted because the ALJ: (1) failed properly to evaluate the medical opinions of plaintiff's treating psychiatrist, Dr. T. Petersen (Plaintiff's Motion at 10) (citing Exhibit B5E at 11 [AR 111]; Exhibit B1F at 160 [AR 321]); and (2) failed properly to "address the entire period of [plaintiff's] alleged disability" (Plaintiff's Motion at 13).  The Court disagrees.

### 1.  Pertinent Facts

In a Verification of Physical or Mental Disability (Food Stamp Program) report dated April 6, 1998 ("April 1998 Report"), Dr. Petersen opined that plaintiff "is mentally and/or physically unfit for gainful employment" due to "Bipolar Affective Disorder, Type I," and that he expected plaintiff's inability to engage in "gainful employment" to continue for "6 months to 1 year."  (AR 111).

In a narrative report dated November 18, 2002 ("November 2002 Notes"), Dr. Petersen commented that (1) plaintiff had a "long history of intermittent substance abuse" which would "complicate[] full control of symptoms"; (2) plaintiff "[a]ppears to have severe mood cycles independent of substance abuse"; and (3) "[c]ompliance with medications may be a factor."  (AR 321).

### 2.  Analysis

First, the ALJ was not required to provide any explanation for disregarding the April 1998 Report.  See Vincent, 739 F.2d at 1394-95 (ALJ need not provide explanation unless rejecting "significant probative evidence").  Such report is conclusory and, in any event, essentially fails to identify any impairment which satisfies the durational requirement – *i.e.*, a disabling impairment expected to last for *at least* twelve months during the relevant time period commencing on

February 29, 2008 (when plaintiff filed his claim in this case).  See 42 U.S.C. § 423(d)(1)(A); Burch, 400 F.3d at 679; Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (in upholding the Commissioner's decision, the Court emphasized: "None of the doctors who examined [claimant] expressed the opinion that he was totally disabled"); accord Curry v. Sullivan, 925 F.2d 1127, 1130 n.1 (9th Cir. 1990) (upholding Commissioner and noting that after surgery, no doctor suggested claimant was disabled).  Even so, plaintiff fails to demonstrate that Dr. Petersen's diagnosis in 1998 that plaintiff had Bipolar Affective Disorder reflects that in 2008 or later plaintiff had additional functional limitations that were not already accounted for in the ALJ's residual functional capacity assessment.

Second, the ALJ was not required to discuss at length medical evidence which he did not reject, and which was cumulative.  See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (citations omitted); see also Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998) ("An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered[.]").  Here, although Dr. Petersen stated in the November 2002 Notes that plaintiff had "severe mood cycles independent of substance abuse," he also noted that plaintiff's substance abuse complicated full control of plaintiff's symptoms and that "compliance with medications may be a factor" in plaintiff's mental impairment.  (AR 321).  Plaintiff fails to demonstrate that such notes reflect significant or probative evidence that was not already accounted for by the ALJ who essentially found that plaintiff had few work restrictions when plaintiff refrained from substance use and was compliant with his medication.  (AR 18). While plaintiff suggests that Dr. Petersen's opinions reflect more significant limitations in plaintiff's work-related mental functioning, the Court will not second guess the ALJ's reasonable interpretation that they do not.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

///

Finally, with respect to plaintiff's general allegation that the ALJ "fail[ed] to properly address the entire period of alleged disability" (*i.e.* from April 9, 1997, plaintiff's alleged onset date, to February 29, 2008, when plaintiff filed his application) (Plaintiff's Motion at 13), any claim of error based on such conclusory pleading does not merit relief. Cf. Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (courts "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief") (citation and internal quotation marks omitted).

Accordingly, a remand or reversal on this basis is not warranted.

### C. The ALJ Properly Considered Lay Witness Evidence

Plaintiff contends that the ALJ failed properly to consider statements provided by plaintiff's mother, Linda Sue Aker, and failed to provide sufficient reasons for disregarding her statements. (Plaintiff's Motion at 13-15). This Court disagrees.

#### 1. Pertinent Law

Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. Stout, 454 F.3d at 1056 (citations omitted); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); see also Robbins, 466 F.3d at 885 (ALJ required to account for all lay witness testimony in discussion of findings) (citation omitted); Regennitter v. Commissioner of Social Security Administration, 166 F.3d 1294, 1298 (9th Cir. 1999) (testimony by lay witness who has observed claimant is important source of information about claimant's impairments); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (lay witness testimony as to claimant's symptoms or how impairment affects ability to work is competent evidence and therefore cannot be disregarded without comment) (citations omitted); Sprague v. Bowen, 812 F.2d

1226, 1232 (9th Cir. 1987) (ALJ must consider observations of non-medical sources, *e.g.*, lay witnesses, as to how impairment affects claimant's ability to work). The standards discussed in these authorities appear equally applicable to written statements. Cf. Schneider v. Commissioner of Social Security Administration, 223 F.3d 968, 974-75 (9th Cir. 2000) (ALJ erred in failing to consider letters submitted by claimant's friends and ex-employers in evaluating severity of claimant's functional limitations).

In cases in which "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Robbins, 466 F.3d at 885 (quoting Stout, 454 F.3d at 1055-56).

### 2. Analysis

First, although plaintiff asserts that "[n]owhere within his [decision] . . . did the ALJ ever mention" function reports provided by plaintiff's mother (Plaintiff's Motion at 13), plaintiff's assertion is belied by the record. In his decision the ALJ expressly referenced both of plaintiff's mother's third party function reports, and noted that plaintiff's mother had stated that she reminds plaintiff to groom himself and to take his medication, and that plaintiff would usually stay at home most of the day sleeping, reading, watching television, playing with their dogs, and sitting outside. (AR 17) (citing Exhibit B4E [AR 93-100]; B11E [AR 138-45]).

Second, to the extent the ALJ failed expressly to mention other statements from plaintiff's mother that simply corroborated limitations the ALJ already accounted for in his decision, any error was harmless. See, e.g., Zerba v. Commissioner of Social Security Administration, 279 Fed. Appx. 438, 440 (9th Cir. 2008) (failure to address husband's cumulative lay testimony harmless error); Rohrer v. Astrue, 279 Fed. Appx. 437, 437 (9th Cir. 2008) (rejecting claimant's contention that ALJ improperly rejected lay witness statement of claimant's

girlfriend where such statement was cumulative of statements by claimant which ALJ accepted).[3]  Simply because the ALJ did not expressly reference cumulative symptom evidence does not mean he failed to consider such evidence.  See Black, 143 F.3d at 386.  The ALJ was not required to discuss every piece of evidence in the record.  See Howard, 341 F.3d at 1012 (citations omitted).

Here, plaintiff alleges in a conclusory manner that the ALJ ignored statements from plaintiff's mother regarding "symptoms and limitations" plaintiff experienced "as a result of his underlying mental disorders."[4]  (Plaintiff's Motion at 13).  While the ALJ did not expressly mention the mother's statements that plaintiff's condition affects his ability to complete tasks, concentrate, remember things, understand, follow directions and get along with others (AR 98, 143), plaintiff fails to demonstrate that such alleged limitations impaired his ability to work beyond the ALJ's residual functional capacity assessment which limits plaintiff to "nonpublic . . . object-oriented work" and precludes plaintiff from working around dangerous machinery, at unprotected heights, or in a "fast-paced" environment.  (AR 17).

Accordingly, a remand or reversal on this basis is not warranted.

///
///
///
///
///

---

[3]The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007.  See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

[4]In her third party statements, plaintiff's mother states that plaintiff has "severe paranoia," "severe depression" and "manic swings," suffers from "agitation," "anger issues," and "irritability," sometimes hears voices and has suicidal thoughts, and as a result has difficulty with memory, completing tasks, concentrating, understanding, following directions, and getting along with others.  (AR 98-100, 142-44).

V.     **CONCLUSION**

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 8, 2012

                                            /s/
                         Honorable Jacqueline Chooljian
                         UNITED STATES MAGISTRATE JUDGE